## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GABBANELLI ACCORDIONS & IMPORTS, LLC | § § § | |
| Plaintiff, | § § § | Civil Action No. 4:21-cv-757 |
| v. | § § | **JURY TRIAL DEMANDED** |
| JAMES E. LAABS, individually, and doing business as JIM LAABS MUSIC STORE and JIM LAABS MUSIC | § § § § | |
| Defendant. | § § | |

## COMPLAINT

Gabbanelli Accordions & Imports, LLC ("Plaintiff" or "Gabbanelli"), through its undersigned counsel, file this Complaint against Defendant James E. Laabs individually and doing business as Jim Laabs Music Store and Jim Laabs Music ("Defendant"), alleges as follows:

### I.
### NATURE OF ACTION

1.      This is an action for trademark infringement and unfair competition under the Lanham Act (15 U.S.C. § 1052, *et seq*.), and trademark infringement and unfair competition under Texas common law.

2.      Plaintiff's claims arise from Defendant's unauthorized use of Plaintiff's federally registered trademark placed on Defendant's products, namely, accordions, and emphasized in Defendant's marketing, advertising, promotion, offering for sale, and/or sale of Defendant's accordions.  As set forth below, Defendant's acts of trademark infringement and unfair competition have been deliberate and intentional to create a false connection to Plaintiff all resulting in Defendant's enrichment at Plaintiff's expense.  Defendant's conduct also has caused and will cause

1

irreparable harm to Plaintiff.   Therefore, as set forth below Plaintiff is entitled to monetary damages and injunctive relief to stop Defendant from continuing to exploit Plaintiff's trademark in violation of federal and state law.

## II.
## PARTIES

3.      Plaintiff Gabbanelli Accordions & Imports, L.L.C. is a Texas limited liability company with its principal place of business in Houston, Texas.

4.      Upon information and belief, Defendant James E. Laabs is an individual doing business as Jim Laabs Music Store and as Jim Laabs Music having a principal place of business at 1045 Main Street, Stevens Point WI 54481.  Defendant may be personally served with process at his principal place of business located at 1045 Main St, Stevens Point, WI 54481.

## III.
## JURISDICATION AND VENUE

5.      This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States, namely, under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant because Defendant directs his infringing actions toward consumers located in the State of Texas and this Judicial District.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in, and directs busines to, this Judicial District; and because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## IV.
## FACTUAL BACKGROUND

8.      For over 50 years, Gabbanelli through its predecessors-in-interest John and Louise Gabbanelli has designed, promoted, offered for sale, and sold accordions.  All of Gabbanelli's accordions have been and currently are manufactured under Gabbanelli's direction and control to ensure their high quality.  As a result, Gabbanelli is extremely well known to the public as the source of high-quality accordions.  Indeed, many well-known musical groups proudly play Gabbanelli's accordions and include Gabbanelli's accordions on their own promotional and advertising materials.

9.      As part of Gabbanelli's extensive efforts to distinguish its accordions from those of third parties, Gabbanelli promotes and markets its accordions in a way that emphasizes its trademarks.  One such trademark is the design mark shown in U.S. Trademark Registration No. 4,391,927 ("Mark") which issued August 27, 2013, for accordions ("the '927 Registration").  A true and correct copy of the '927 Registration is attached hereto as Exhibit A and is incorporated herein in its entirety.

10.     Gabbanelli owns the Mark and the '927 Registration.

11.     The '927 Registration is valid, subsisting, and in full force and effect.

12.     The '927 Registration is incontestable pursuant to 15 U.S.C. § 1065.

13.     Federal registration of Gabbanelli's Mark is *prima facie* evidence of Gabbanelli's exclusive right to use the registered mark in connection with accordions.  15 U.S.C. § 1057(b).

14.     Due to Gabbanelli's continuous use of Gabbanelli's Mark on and in connection with its accordions, and the substantial goodwill developed by Gabbanelli in connection with Gabbanelli's Mark, the public has come to recognize Gabbanelli as the source of accordions bearing Gabbanelli's Mark.  Accordingly, Gabbanelli owns valuable trademark rights to

Gabbanelli's Mark to the exclusion of other's use of the Mark on or in connection with similar or related products and services.

15.     Gabbanelli has used the Mark in interstate commerce continuously since at least 2012 and as a result Gabbanelli's Mark is associated exclusively with Gabbanelli for use with accordions.

16.     Other than infringement by a third party such as Defendant, Gabbanelli's use of the Mark in the United States in connection with accordions has been exclusive.  As a result of this exclusive, long, and widespread use of the Mark by Gabbanelli, there is substantial recognition and association of the Mark with Gabbanelli by the consuming public for accordions as evidenced by the '927 Registration.

17.     Gabbanelli recently learned that Defendant has continued to distribute, offer for sale, and sell accordions bearing Gabbanelli's Mark despite previously being advised to stop and representing that he would in fact stop such acts.  Specifically, Defendant advertises, promotes, sells, and offers for sale accordions that have Gabbanelli's Mark engraved on Defendant's accordions.   Defendant prominently displays Gabbanelli's Mark in photographs used in Defendant's advertising on internet websites such as those found at the following URLs: http://www.Reverb.com, http://www.eBay.com, and https://www.jimlaabsmusicstore.com, all of which allow a customer to directly purchase Defendant's accordions and have those accordions shipped to the customer regardless of where the customer is located.  The website located at URL https://jimlaabsmusicstore.com is operated and controlled by Defendant.   All recent advertisements of Defendant on these websites include photographs showing different angles of the infringing accordions in which Gabbanelli's Mark can be seen.  In addition, Defendant's advertisements on these websites include a "close-up" photograph of one corner of Defendant's

accordions focused on Gabbanelli's Mark engraved on Defendant's accordions.  By including Gabbanelli's Mark on Defendant's accordions and in Defendant's promotions, marketing, and advertisements, Defendant is infringing on Gabbanelli's trademark rights.  Given the identity of Defendant's products to Gabbanelli's products, and the inclusion of Gabbanelli's Mark as part of Defendant's sales activities, there is a substantial likelihood that consumers will be confused, misled, or deceived as to the source of Defendant's accordions.  Moreover, Defendant's infringing and competing products create a false impression that Defendant's accordions are connected to, endorsed by, approved by, affiliated with, associated with, or sponsored by Gabbanelli.  Such confusion as to source or affiliation between Defendant's accordions and Gabbanelli diminishes the value of Gabbanelli's Mark.

18.    Since at least 2013, Defendant has been aware of Gabbanelli's valuable trademark rights in its Mark.  In fact, on multiple occasions Defendant has been expressly warned in writing to stop his false association and infringing activity.  On at least two occasions, Defendant expressly told Gabbanelli that it would stop.  Despite these representations Defendant continues to knowingly engage in these infringing activities.  For example, since March 2020, Gabbanelli has been required to notify the operators of the websites www.Reverb.com and www.eBay.com collectively eight (8) times to alert them to the fact that Defendant was selling and offering for sale Defendant's infringing accordions on those websites.  Each time Gabbanelli so advised the operators of the websites www.Reverb.com and www.eBay.com, those operators removed Defendant's infringing listings after, on information and belief, advising Defendant of Gabbanelli's assertion of its trademark rights.  Despite having the listings removed, Defendant never complained or objected to Gabbanelli having those listings removed.  Instead, Defendant simply relisted the infringing accordions on those websites up until recently when Defendant

stopping using the website www.Reverb.com to sell his infringing accordions.  However, as of the filing of this action, Defendant continues to use the website www.eBay.com the website located at URL https://www.jimlaabsmusicstore.com to promote and sell the infringing accordions.  Thus, as of the filing of this action, Defendant has ignored Plaintiff's demand and continues to use Gabbanelli's Mark and to promote and advertise his infringing accordions.

19.     Due to Defendant's continued infringement of Gabbanelli's Mark, in a letter dated January 27, 2021, and received by Defendant on February 3, 2021, Gabbanelli advised Defendant that Defendant was infringing Gabbanelli's Mark and demanded that Defendant immediately cease such infringement.  Defendant never responded to Gabbanelli's demand and instead continued, at least through the filing of this Complaint, to advertise and offer for sale – and presumably sell – the infringing accordions through Defendant's website www.jimlaabsmusicstore.com.  Therefore, Defendant's infringement of Gabbanelli's Mark has been intentional and willful.

20.     As result of Defendant's use of Plaintiff's Mark, there is an appearance to customers and potential customers that Defendant is endorsed by, related to, affiliated with, associated with, sponsored by, approved by, or connected to Gabbanelli.  On information and belief, Defendant desires consumers of Defendant's infringing accordions to believe Defendant is endorsed by, related to, connected to, associated with, sponsored by, or affiliated with Gabbanelli to create the impression that Defendant's accordions have the same attributes as those sold by Gabbanelli.  Further on information and belief, Defendant's intent in using Gabbanelli's Mark is to create an association in consumers' minds between Gabbanelli and Defendant due to the success and popularity of the Gabbanelli's name and reputation.  On information and belief, this impression to the consumers and association in their minds was a factor in Defendant's decision to use Gabbanelli's Mark on his accordions.

21.     Both of Gabbanelli's and Defendant's customers and potential customers are individuals seeking to purchase an accordion.  Further, Gabbanelli and Defendant promote and sell their accordions through identical or substantially identical channels of trade, namely, through retail stores and online.

22.     Defendant has no license, authority, or other permission from Gabbanelli to use Gabbanelli's Mark on or in connection with Defendant's products or services.

23.     Defendant has been engaging in the above-described activities knowingly and intentionally, with reckless disregard or willful blindness to Gabbanelli's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of Gabbanelli's Mark.

24.     Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between Defendant, and his products and services, and Gabbanelli.  Moreover, Defendant's activities, as described above, will require Gabbanelli to expend money, time, and effort in its marketing and promotional activities that it would otherwise not be required to spend had Defendant not used Gabbanelli's Mark.  These additional costs and expenses of Gabbanelli are due solely to Defendant's activities, as described herein, so that Gabbanelli can correct Defendant's confusing acts and to maintain the value of Gabbanelli's Mark.

### COUNT I - TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION UNDER THE LANHAM ACT

25.     Gabbanelli repeats and realleges the allegations set forth in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.     Defendant, without authorization from Plaintiff, has used and is continuing to use Gabbanelli's federally registered trademark on and in connection with Defendant's accordions. Defendant's improper use of Gabbanelli's Mark and sale of products by using Gabbanelli's Mark

is likely to cause confusion among consumers as to the source or affiliation by Defendant's accordions and constitutes infringement of Gabbanelli's trademark rights in violation of the Lanham Trademark Act ("Lanham Act").

27.    Defendant's use of Gabbanelli's Mark violates Section 32 of the Lanham Act prohibiting the unauthorized use of a trademark which is likely to cause confusion.  *See* 15 U.S.C. § 1114.

28.    Defendant's unauthorized use in commerce of Gabbanelli's Mark constitutes unfair competition which is likely to cause mistake or deception as to affiliation, connection, or association of Defendant and his goods and services with Gabbanelli, or as to the origin, sponsorship, or approval of Defendant's goods and services by Gabbanelli, or that there is an association, affiliation or connection between Defendant's goods and services and Gabbanelli, including by both forward confusion and reverse confusion, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.    The foregoing acts of Defendant are intended to cause, and are likely to cause, confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's products and services originate from, or are related to, connected to, associated with, affiliated with, sponsored by, or endorsed by Gabbanelli.

30.    Defendant has acted with knowledge of Gabbanelli's ownership of Gabbanelli's Mark, and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

31.    Upon information and belief, Defendant has made and will continue to make profits and/or gains to which it is not in law or equity entitled due to Defendant's violation of Gabbanelli's rights.

32.     Upon information and belief, Defendant intends to continue his infringing acts, unless enjoined by this Court.

33.     As a direct and proximate result of Defendant's violations of the Lanham Act, Gabbanelli has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

34.     Defendant is currently selling his infringing accordions in connection with Gabbanelli's Mark and will continue to do so unless enjoined from doing so by this Court. Defendant's acts have damaged and will continue to damage Gabbanelli.  If Defendant continues to sell under Gabbanelli's infringing mark, the distinctiveness of Gabbanelli's Mark will be diminished or destroyed.  Gabbanelli also will lose its goodwill created by its Mark.  Thus, the continuing acts of Defendant are jeopardizing the goodwill of Gabbanelli and its valuable Mark, and such acts have caused and are causing irreparable injury to Gabbanelli and to the consuming public.  Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to Gabbanelli and to the public, for which there is no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, cannot be quantified, and such injury cannot be fully compensated by a monetary amount.  Accordingly, Gabbanelli is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

35.     Additionally, Gabbanelli seeks an accounting and disgorgement of Defendant's profits and Gabbanelli's actual and consequential damages and/or statutory damages resulting from Defendant's infringing acts.  Moreover, Gabbanelli seeks punitive, additional, and enhanced damages from Defendant due to his intentional and willful violation of Gabbanelli's trademark rights.

36.     Because Defendant's actions were taken and continue in willful, deliberate, and/or intentional disregard of Plaintiff's rights, Plaintiff is entitled to recover damages (including trebling of damages), costs, and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**COUNT II - COMMON LAW TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

37.     Gabbanelli repeats and re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein.

38.     Gabbanelli owns all rights, title, and interest in and to Gabbanelli's Mark, including all common law rights in the Mark and Gabbanelli has built up valuable goodwill in Gabbanelli's Mark.

39.     Defendant's actions, as described herein, constitute common law trademark infringement and common law unfair competition.  Defendant's unauthorized and wrongful use of Gabbanelli's Mark in commerce on and in connection with Defendant's accordions, is likely to deceive, mislead, and confuse consumers as to origin, sponsorship, or approval of Defendant's accordions, including by both forward confusion and reverse confusion, and therefore constitutes trademark infringement and unfair competition under the common law of Texas.

40.     With full knowledge of Gabbanelli's Mark, Defendant has traded, and continues to trade, on the goodwill associated with Gabbanelli's Mark, and misled the public into assuming a connection between Defendant's infringing accordions and Gabbanelli.  Defendant's actions are with the knowledge of Gabbanelli's Mark and with the intent to cause confusion and/or trade on Gabbanelli's reputation and goodwill.

41.     Defendant's acts of trademark infringement and unfair competition are likely to cause confusion and, mislead and deceive the public as to the source of Defendant's infringing accordions, permit Defendant to pass off his infringing accordions as being affiliated with,

endorsed by, connected to, related to, associated with, or sponsored by Gabbanelli, and falsely suggest a connection between the Defendant and Gabbanelli and, unless restrained by this Court, will continue to do so, in violation of the common law of the State of Texas, and to the detriment of Gabbanelli and the unjust enrichment of Defendant.

42.     Upon information and belief, Defendant has made and will continue to make profits and/or gains to which it is not in law or equity entitled due to Defendant's violation of Gabbanelli's rights.

43.     Upon information and belief, Defendant intends to continue his infringing acts, unless enjoined by this Court.

44.     As a direct and proximate result of Defendant's acts of common law trademark infringement and unfair competition, Gabbanelli has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

45.     Defendant is currently selling his infringing accordions in connection with Gabbanelli's Mark and will continue to do so unless enjoined from doing so by this Court. Defendant's acts have damaged and will continue to damage Gabbanelli.  If Defendant continues to sell under Gabbanelli's infringing mark, the distinctiveness of Gabbanelli's Mark will be diminished or destroyed.  Gabbanelli also will lose its goodwill created by its Mark.  Thus, the continuing acts of Defendant are jeopardizing the goodwill of Gabbanelli and its valuable Mark, and such acts have caused and are causing irreparable injury to Gabbanelli and to the consuming public.  Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to Gabbanelli and to the public, for which there is no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, cannot be quantified, and such injury cannot

be fully compensated by a monetary amount.  Accordingly, Gabbanelli is entitled to injunctive relief under Texas law.

46.     Additionally, Gabbanelli seeks an accounting and disgorgement of Defendant's profits and Gabbanelli's actual and consequential damages caused by Defendant's acts which are likely to result in confusion among the public.  Moreover, Gabbanelli seeks punitive and enhanced damages for Defendant's intentional and willful violation of Gabbanelli's trademark rights.

47.     Defendant's actions at all times relevant to this action have and continue to be knowing, intentional, wanton, willful, malicious, in bad faith, and oppressive, and based on information and belief, have resulted from fraud, malice, and/or gross negligence and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized by Gabbanelli's Mark. Accordingly, Gabbanelli is entitled to recovery all damages, actual and punitive, its costs, and its attorneys' fees as permitted by Texas law.

### REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

48.     Gabbanelli repeats and re-alleges the allegations of paragraphs 1-47 of this Complaint as if fully set forth herein.

49.     The acts of Defendant complained of above have resulted in trademark infringement and unfair competition.  Accordingly, pursuant to 15 U.S.C. § 1117(a), Gabbanelli is entitled to recover 1) Defendant's profits; 2) any damages sustained due to Defendant's infringing acts; and 3) the costs associated with these causes of action.

50.     Moreover, Gabbanelli is entitled to an award of treble damages pursuant to 15 U.S.C. § 1117(b), as well as an award of punitive damages under state law due to the extenuating circumstances of this case, Defendant's intentional use of the Mark, and his gross, wanton, intentional, and/or willful conduct.

51.     Furthermore, due to Defendant's actions, Gabbanelli has been required to retain the services of counsel to represent it in this matter and has been forced to incur and continues to incur attorneys' fees to enforce its trademark rights.   These fees and expenses are necessary and reasonable to prosecute this matter.   Accordingly, Gabbanelli requests that it be granted an award of attorneys' fees and costs due to Defendant's violation of Gabbanelli's rights.

## DEMAND FOR JURY TRIAL

52.     Plaintiff Gabbanelli Accordions & Imports, LLC hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION AND PRAYER

WHEREFORE, Gabbanelli Accordions & Imports, L.L.C. prays for entry of judgment:

a.     finding that Defendant has willfully infringed U.S. Trademark Registration No. 4,391,927 and Gabbanelli Accordions & Imports, L.L.C.'s common law trademark rights in Gabbanelli's Mark;

b.     finding that Defendant has willfully engaged in unfair competition by falsely and intentionally mislead consumers by directly or indirectly representing that Defendant's accordions are endorsed by, related to, connected to, approved by, sponsored by, associated with, or affiliated with Gabbanelli Accordions & Imports, L.L.C.;

c.     enjoining Defendant, his officers, directors, agents, employees, representatives, successors, assigns, if any, and those in privity or concert with them from further acts that would amount to infringement of U.S. Trademark Registration No. 4,391,927, infringement of Gabbanelli Accordions & Imports, L.L.C.'s common law trademark rights in Gabbanelli's Mark, or unfair competition under Federal or State law;

d.     awarding Gabbanelli Accordions & Imports, L.L.C. all damages caused by the acts of Defendant and all profits of Defendant from acts complained of, and/or all costs to Gabbanelli Accordions & Imports, L.L.C. caused by Defendant's activities complained of herein;

e.     trebling the damages and profits awarded to Gabbanelli Accordions & Imports, L.L.C. as authorized by 15 U.S.C. § 1117;

f.  granting Gabbanelli Accordions & Imports, L.L.C. pre-judgment and post-judgment interest on the damages caused to Gabbanelli Accordions & Imports, L.L.C. by reasons of Defendant's activities complained of herein at the highest rates allowed by law;

g.  finding that this is an exceptional case and awarding Gabbanelli Accordions & Imports, L.L.C. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

h.  awarding Gabbanelli Accordions & Imports, L.L.C. punitive damages in an amount to be proven at trial;

i.  awarding Gabbanelli Accordions & Imports, L.L.C. all its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by 15 U.S.C. § 1117 and 28 U.S.C. § 1920; and

j.  awarding Gabbanelli Accordions & Imports, L.L.C. such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

Respectfully submitted,

**MATHENY LEGAL SERVICES**
**AND CONSULTING, PLLC**

Dated:  March 8, 2021

By: /Anthony F. Matheny/
    Anthony Matheny
    Attorney-In-Charge
    Texas State Bar No. 24002543
    S.D. Texas Admission No. 303157
    5955 Woodway Dr.
    Houston, Texas 77057
    Tel:  713-817-7062
    Email:  anthony@mathenylegal.com

**ATTORNEY FOR PLAINTIFF**
**ALL TEXAS TITLE, INC.**